IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN MICHAEL OPSANIC, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 20-123-E |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

ORDER

AND NOW, this 2nd day of August, 2021, having considered the parties' motions for summary judgment, the Court will enter judgment in Defendant's favor.[1] The findings in the Commissioner of Social Security's final decision denying Plaintiff's application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, are supported by "substantial evidence" and, thus, "conclusive." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (citing 42 U.S.C. § 405(g)); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) ("Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").[2]

---

[1] Defendant requests that judgment be entered in its favor *and* asks that costs are taxed against Plaintiff. (Doc. No. 19, pg. 2). Defendant does not address costs in its brief, therefore, the Court will not address the issue. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2] Plaintiff argues the Administrative Law Judge ("ALJ") erred in finding he was not disabled and could return to past work because the ALJ incorrectly formulated Plaintiff's residual functional capacity ("RFC"). Plaintiff alleges the RFC is incorrect because the ALJ should have afforded greater weight to opinion evidence provided by Plaintiff's treating nurse practitioner, Dameon Covert, CRNP (hereinafter, the "Covert opinion"). The Court discerns no error in the ALJ's consideration of the Covert opinion.

1

Claimants who seek disability insurance benefits must prove they are under a disability as defined in the Social Security Act ("Act"). *Sweeney v. Comm'r of Soc. Sec.*, 847 F. Supp. 2d 797, 800 (W.D. Pa. 2012). ALJs use a five-step evaluation process to determine whether claimants are disabled. *Id.* (citing 20 C.F.R. § 404.1520). At step four, ALJs determine whether claimants can return to "past relevant work." *Id.* The ability to return to such work is disqualifying. *Id.* Before ALJs ask whether a claimant can return to past work, they must determine the claimant's RFC. *Id.* A claimant's RFC is defined as "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The RFC determination is based on "all the relevant evidence" in the claimant's record and takes account of all the claimant's "medically determinable impairments," even those that are not severe. *Id.* § 404.1545(a)(1)—(2).

Medical opinion evidence is one type of evidence ALJs use to discern RFC. *Id.* § 404.1545(a)(3). For claims, like Plaintiff's, filed after March 27, 2017, medical opinion evidence is not afforded "any specific evidentiary weight," *Id.* § 404.1520c(a), but ALJs must nevertheless consider that evidence. When ALJs consider opinion evidence, they are directed to contemplate "[s]upportability," "[c]onsistency," [r]elationship with the claimant," "[s]pecialization," and "[o]ther factors." *Id.* § 404.1520c(c)(1)—(5). The first two factors—supportability and consistency—are most important. *Id.* § 404.1520c(b)(2). In ALJs' articulation of their consideration of medical opinions and their findings as to opinions' persuasiveness, ALJs must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] determination or decision." *Id.* While it is axiomatic that an ALJ's consideration of medical opinion evidence may lead him to afford an opinion little or no weight, ALJs may not "reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).

Having reviewed the ALJ's consideration of the Covert opinion, the Court detects no error. In the opinion, Mr. Covert endorsed a significantly limited work capacity for Plaintiff—much more limited than the reduced range of light work the ALJ ultimately found appropriate for Plaintiff's RFC. Based on their four-year treating history and his familiarity with Plaintiff's neck and back pain, Mr. Covert opined that Plaintiff could only sit, stand, or walk up to fifty-nine minutes total in an eight-hour workday; would require daily unscheduled breaks of five-to-ten minutes; and would likely be absent more than four days every month. (R. 378—80).

The ALJ considered the opinion and gave four reasons why he found it "unpersuasive." (R. 21). First, the ALJ explained that Mr. Covert's medical opinion "appear[ed] to be overly reliant upon the claimant['s] self-report." (R. 21). Second, the opinion was provided on a check-box form, "with no explanations" for Mr. Covert's answers. (R. 21). Third, the ALJ found the opinion was "not supported by [Mr. Covert's] treatment records" (R. 21), rather, Mr. Covert's treatment records indicated that Plaintiff suffered no "limitations in range of motion of the lower extremities, no joint swelling or locking, and no joint pain." (R. 21). Finally, the ALJ explained that the opinion was "not consistent with the evidence of record" because many of the physical findings in the record were "benign." (R. 21).

Plaintiff challenges the ALJ's last two reasons for finding the Covert opinion unpersuasive. He concedes that opinions on check-box forms are not the strongest evidence, particularly when they lack accompanying explanations. *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). He contends that the Covert opinion is supported by Mr. Covert's treatment notes, particularly a February 2017 record wherein Mr. Covert documented Plaintiff's knee pain. Plaintiff further argues that the Covert opinion is consistent with other evidence in Plaintiff's record. He points to evidence showing Plaintiff was treated for back pain and imaging evidence that indicated some disc degeneration and bulging. He also points to evidence that Plaintiff suffered from spasms, hypomobility, and tenderness from his back issues. Plaintiff alleges the ALJ overlooked this corroborative evidence and focused only on evidence that was inconsistent with the Covert opinion.

Plaintiff's allegations of error fail to persuade this Court that the ALJ's consideration of the Covert opinion is inadequate or misguided. The ALJ's consideration of the Covert opinion meets the standard laid out in the regulations insofar as the ALJ articulated why he found the opinion unpersuasive and specifically addressed supportability and consistency. *See* 20 C.F.R. § 404.1520c(a)—(b)(2). The ALJ provided four reasons for his persuasiveness determination, none of which are wrong. *See Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (explaining that an ALJ may not "reject evidence for no reason or for the wrong reason"). On the issue of whether Mr. Covert's treatment notes supported his opinion, the ALJ addressed the 2017 treatment record that Plaintiff argues supported the Covert opinion. While that record corroborated Plaintiff's pain, the ALJ found it did not establish any resultant functional limits. (R. 21 (citing Ex. 3F at 318 ("Pertinent negatives include no fever, inability to bear weight, itching, joint locking, joint swelling or limited range of motion."))).

The Court is also satisfied that the ALJ was not wrong insofar as he found the Covert opinion was inconsistent with the rest of the record. Reviewing the ALJ's decision "as a whole," *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004), it is clear to the Court that the ALJ considered the evidence Plaintiff alleges he overlooked in finding the Covert opinion unpersuasive. For instance, among the evidence Plaintiff identifies as supportive of the Covert opinion are MRI findings of disc bulging and degenerative changes in his cervical and lumbar spine. (Doc. No. 17, pgs. 13—14). The ALJ did in fact consider that imaging evidence, but further observed that the disc bulging and degenerative changes were relatively mild and did "not corroborate the claimant's allegations to the disabling extent asserted." (R. 20). Likewise, Plaintiff refers to his chiropractic treatment and consultation with neurosurgeon Dr. Bowden. (Doc. No. 17, pg. 14). Once again, the ALJ considered that evidence, but also considered that Plaintiff experienced some relief with chiropractic treatment and that the neurosurgeon did not recommend surgery at the time. (R. 20). Plaintiff identifies additional treatment notes that he argues were overlooked, but he has not explained how these other records support the extent of the functional limitations opined by Mr. Covert. For example, Plaintiff cites evidence related to

3

---

his knee pain, but the Covert opinion addressed functional limitations attributable to Plaintiff's neck and back pain. (R. 378).

Plaintiff additionally argues that part of the ALJ's error in his consideration of the Covert opinion was that he mischaracterized evidence related to Plaintiff's daily activities. Plaintiff argues the ALJ found Plaintiff did some driving, shopping, bill paying, and chores in his daily life, despite Plaintiff's testimony that he is very limited in those activities. Plaintiff suggests the ALJ's consideration of daily activities was misguided because activities of daily living are only relevant to the extent they show claimants are daily "engaged in pursuits involving the performance of physical functions that are transferable to a work setting" or undermine other statements a claimant has made concerning the extent of his symptoms and limitations. (Doc. No. 17, pg. 16 (citing *Gonzales v. Colvin*, 191 F. Supp. 3d 401, 423 (M.D. Pa. 2015))). Plaintiff argues that occasional driving and shopping do not tend to prove he could sustain full-time employment.

Plaintiff is not wrong insofar as he argues that daily activities do not tend to undermine a claimant's limitations unless those activities indicate the claimant has abilities that would work to his benefit in the workplace. *See Gonzales*, 191 F. Supp. 3d at 423. However, as Plaintiff acknowledges, allegations of daily activities can reflect a claimant's consistency, and the consistency of a claimant's statements is certainly a factor ALJs consider when they evaluate the "intensity, persistence, and limiting effects" of a claimant's symptoms. SSR 16-3P, 2017 WL 5180304, *9 (S.S.A. Oct. 25, 2017). In this matter, the ALJ determined Plaintiff did not consistently represent his activities of daily living. The ALJ observed that, at the hearing, Plaintiff testified that he could not do chores around the home and that he spent most of his time reclining or lying down. (R. 21, 45 (explaining he spent approximately 80% of the day reclining or laying down), 53 (explaining that he is not able to grocery shop and, when he tries, he needs to sit after "not very long")). Plaintiff earlier indicated that he did some short-distance driving, shopped approximately once per month, paid bills, handled some banking, and tried to do some housework. (R. 21 (citing Ex. 7E at R. 200—03)). When Plaintiff was examined by Dr. Magurno, the consultative examiner ("CE"), she recorded Plaintiff's activities, which included shopping once every month, going out, and enjoying "movies" as his hobby. (R. 21 (citing Ex. 4F at R. 334)). The dissimilarities the ALJ perceived among these daily activity descriptions is one of the factors that led him to conclude Plaintiff's "symptoms do not limit his activities to the extent alleged." (R. 21). The Court discerns no mischaracterization of evidence therein. The ALJ did not even make a finding as to which account of Plaintiff's daily activities was correct. Rather, the ALJ acknowledged that the differences among these accounts informed his consideration of Plaintiff's representation of his symptoms. The Court discerns no error in that. *See Gonzales*, 191 F. Supp. 3d at 423. For this and the foregoing reasons, the Court will affirm the Commissioner's final decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED in part and DENIED in part, as specified above.

/s Alan N. Bloch
United States District Judge

ecf:   Counsel of Record